Maurice Harris Hughston v. Commissioner. Richard Lively Hughston v. Commissioner.
Hughston v. Commissioner
Docket Nos. 21922, 21923.
United States Tax Court
1950 Tax Ct. Memo LEXIS 139; 9 T.C.M. (CCH) 660; T.C.M. (RIA) 50188; July 25, 1950
Richard L. Hughston, Esq., pro se. Donald P. Chehock, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: Respondent determined deficiencies in income *140 tax for the calendar year 1947 in the amounts of $364.74 for petitioner Maurice Harris Hughston, and $260.24 for petitioner Richard Lively Hughston. Petitioners are wife and husband, and the income involved is community income. The husband, Richard Lively Hughston, is hereinafter referred to as petitioner. The sole issue is whether petitioners realized a long-term capital gain in 1947 from the sale of their personal residence. The proceedings were consolidated for hearing. The facts were stipulated. [The Facts] Petitioner is employed as an attorney by the Shell Oil Company, Inc., and was so employed during 1947 and for some time prior thereto. Petitioners have three children, the oldest of whom was ten years of age on March 1, 1947. Early in 1947 petitioner and others were transferred by their employer, the Shell Oil Company, Inc., from Houston, Texas, to Midland, Texas. Midland is a distance of approximately 500 miles from Houston. Since such transfer, petitioners and family have remained residents of Midland. On or about February 27, 1947, petitioners sold their personal residence at Houston and immediately purchased another at Midland. The Midland home cost about $12,500. *141 Approximately $10,000 in improvements were immediately added by petitioners. The Houston property had some 2,400 square footage in it, with two and a half baths, with title baths and kitchen; it also had a servant's room with a bath. The Midland property, as acquired, had only one bath; the kitchen and bath were not tiled. Petitioners added a bedroom and bath, and it now has about 1,700 square feet. The Houston residence property of petitioners sold in 1947 was previously purchased by petitioners in October, 1945, at a cost of $19,375. The sale price of said property in 1947 was $27,500. The cost to petitioners of improvements, together with the expense of sale, was $2,148.30. On March 4, 1948, petitioners filed individual community income tax returns for the year 1947 with the collector of internal revenue for the second district of Texas, at Dallas, Texas. The returns so filed did not include in income as a long-term capital gain the difference between the sale price of the Houston residence and the cost of said property. Attached to the community 1947 returns so filed was a letter of the petitioner reading as follows: "March 3, 1948. "Collector of Internal Revenue 'Dallas, *142 Texas. "Dear Sir: "Herewith the 1947 income tax returns for my wife, Maurice Harris Hughston, and me are enclosed. In the spring of 1947 I was transferred by my employer, Shell Oil Company, Incorporated, from Houston, Texas to Midland, Texas, and as a result was forced to sell my home in Houston and to purchase one in Midland. The Houston place was sold at an increase over its cost price, but we have not included the difference as income because we actually realized no income therefrom, the Midland place being bought on a market more badly inflated than was the Houston one at the time we sold the property there. "We think that the only fair basis for handling such a situation is to carry the cost of the Houston home into the cost of the Midland home. In the event that this cannot be done, we shall be glad to discuss the matter with you. "Very truly yours, [Signed] Richard L. Hughston." The respondent determined each of the petitioners realized taxable long-term capital gain of $1,494.17 from the sale of the personal residence in Houston, computed as follows: Gross Sales Price
$27,500.00
Less: Cost
$19,375.00
Expense of sale (and
improvements)
2,148.30
21,523.30
Total profit
$ 5,976.70
Held over six months, therefore 50
per cent reportable
$ 2,988.35
One-half share in community profit
(taxable to each petitioner)
$ 1,494.17
*143 Petitioners maintain that, even though they sold their Houston residence at an increase over its cost, they should not be held to have realized taxable gain on the sale. Their argument is: "Looking at the substance of the transaction and not at the form thereof, how it can be said that one selling one home and buying another simultaneously in the same generally inflated market receives any beneficial income therefrom cannot be plausibly explained. * * * The residence must be replaced on some sort of basis and in the same market a comparable residence would cost as much." They argue that since they bought a smaller house, they merely realized savings, not gain. [Opinion] These arguments cannot be seriously entertained. The transaction here in issue was a sale for $27,500 cash of petitioners' Houston residence, which had a cost of $19,375, with expenses of sale and improvements of $2,148.30. The total profit was, therefore, $5,976.70, of which 50 per cent was reportable, as determined by respondent, the property having been held for over six months. Under section 22(a), I.R.C., gross income includes gains from the sale of property. Under section 111(a), I.R.C. *144 , the gain from the sale of property is the excess of the amount realized therefrom over the adjusted basis. This was not an exchange solely in kind within the meaning of section 112(b)(1), on which no gain or loss is recognized. It was a sale for cash. What petitioners did with the proceeds of the sale of the Houston house is, as to the tax consequences of that sale, immaterial. We sympathize with petitioners' feeling that it is "inequitable and a hardship on those being transferred during inflationary times to be taxed on the difference between the cost and sale prices of the home they were leaving." An inflation causes inequities that, to some extent, affect us all. Dollars invested one year may be paid off in a later year in dollars worth, by comparison, fifty cents, so that apparent profits are illusory. But the tax law taxes income measured in dollars and cannot take cognizance of the fluctuations in the value of the dollar. Presumably such fluctuations bring as many tax bonanzas as they do tax hardships. For instance, if a sudden period of deflation had followed petitioners' sale of their Houston house and they had been able to purchase a house in Midland of twice the size and *145 desirability for what they had received for their Houston house, the Commissioner would certainly not be heard to say that the difference in value of the two houses represented gain from the Houston sale, which is the substance of petitioners' argument here, but only the amount he has determined here, i.e., the excess of sales price of the Houston house over cost. By the same token, petitioners cannot prevail in their argument here. Accordingly, Decisions will be entered for the respondent.